# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| GRAHAM RAWAK-GERMAN, | CASE NO. 09cv2385 WQH (WMC) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| COUNTRYWIDE BANK, et al., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Strike filed by Defendants Bank of America and Recontrust Company (Doc. # 5), the Motion to Dismiss filed by Defendants Bank of America and Recontrust Company (Doc. # 6), and the Motion to Remand to State Court filed by Plaintiff (Doc. # 7).

## BACKGROUND

This action concerns Plaintiff's mortgage. Plaintiff initiated this action by filing a complaint in the Superior Court of the State of California for the County of San Diego on September 17, 2009.  (Doc. # 1 at 2).  Defendants removed the case to this Court on October 26, 2009.  *Id.*  On November 2, 2009, Defendants Bank of America, successor in interest to Countrywide Bank, and Recontrust Company  filed their Motion to Strike (Doc. # 5) and their Motion to Dismiss (Doc. # 6).  On November 19, 2009, Plaintiff filed her Motion to Remand to State Court (Doc. # 7).

The complaint alleges six state law claims and one federal claim against Defendants.

(Doc. # 1 at 7).  Plaintiff's state law claims are: (1) declaratory relief that Plaintiff owns the property; (2) reformation of the contract due to fraud; (3) quiet title; (4) unfair competition in violation of California Business and Professions Code § 17200; (5) fraud in violation of California Civil Code § 1572; and (6) injunctive relief preventing foreclosure on the home. Plaintiff's seventh claim, her sole federal claim, is for violation of the Truth In Lending Act ("TILA").

## ANALYSIS

### I.     Motion to Remand

Plaintiff contends that this Court should remand the entire case, including the federal claim, to state court pursuant to 28 U.S.C. § 1441(c) because "state law predominates on this matter." (Doc. # 7-2 at 2-3).  Plaintiff contends that this Court should abstain from exercising jurisdiction pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), because federal adjudication would interfere with state interests.  (Doc. # 7 at 2).  Plaintiff contends that this Court should abstain under the *Rooker-Feldman* doctrine because a state judge issued a temporary restraining order in the state court action prior to removal. (Doc. # 7-2 at 3). Plaintiff contends that this Court should abstain under the *Younger* doctrine because it interferes with an ongoing state court case.  *Id.* at 4.  Plaintiff contends that this court should abstain pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because this case results in duplicative litigation in state and federal court.  *Id.* at 5. Finally, Plaintiff contends that this Court should defer to Plaintiff's choice of forum.  *Id.* at 5-6.

Defendants contend that several of Plaintiff's state law claims are dependent on the alleged violation of TILA and that, in any event, this Court has jurisdiction where the complaint contains even a single federal claim.  (Doc. # 11 at 6).  Defendants contend that the complaint contains no difficult questions of state law, so the Court should not remand even the state law claims.  *Id.* at 7.  Defendants contend that a temporary restraining order is not an adverse state court judgment requiring abstention under *Rooker-Feldman* doctrine.  *Id.* at 6-7. Defendants contend that there is no ongoing state court proceeding because the case was removed to federal court, so the *Younger* doctrine is inapplicable, as is the *Colorado River*

doctrine. *Id.* at 8. Finally, Defendants contend that Plaintiff's forum arguments are a misunderstanding of *forum non conveniens*, which is not at issue in this case. *Id.* at 8-9. Defendants contend that Plaintiff cannot argue *forum non conveniens* because she filed her action in San Diego County Court and is now in federal district court in San Diego. *Id.*

Plaintiff's contention that the entire action, including the TILA claim, could be remanded because state law claims predominate is not supported by 28 U.S.C. §1441(c). The Court is not entitled to decline jurisdiction over Plaintiff's TILA claim on the grounds that there are more state law claims than federal law claims. None of the abstention doctrines Plaintiff cited are applicable to this case. Plaintiff has not identified any difficult issues of state law which would mitigate in favor of remanding her state law claims while retaining jurisdiction over her TILA claim. A temporary restraining order is not a judgment that requires abstention pursuant to *Rooker-Feldman*. When the case was removed, the state court proceedings were terminated, so there is no reason to abstain pursuant to *Younger* or *Colorado River*. Respecting a plaintiff's choice of forum does not permit a court to remand a properly removed action. Plaintiff's Motion to Remand is denied.

## II.     Motion to Dismiss

### A.     Federal Claim

In her seventh cause of action for violation of TILA, Plaintiff alleges the Notice of Right to Cancel disclosure was defective pursuant to 15 U.S.C. § 1635. (Doc. # 1, Ex. A at 14). Plaintiff alleges the Notice incorrectly states that Plaintiff had the right to cancel before May 22, 2007, when in fact the correct date was May 25, 2007. *Id.* Plaintiff alleges Defendants also failed to "disclose properly and accurately the number, amount, and due dates or period of payments scheduled to repay the obligation" in violation of TILA. *Id.* Plaintiff alleges Defendants engaged in a pattern or practice of mortgage lending without regard to the borrower's ability to pay. *Id.* at 14-15. Plaintiff alleges she is "willing and/or able to tender the loan proceeds either by a refinance of the loan, if possible, or a sale of the home if necessary." *Id.* at 15. Plaintiff alleges she has a short sale offer of $625,000. *Id.* Plaintiff also alleges she is entitled to damages. *Id.*

In their Motion to Dismiss, Defendants contend that Plaintiff's claim for damages is barred by the statute of limitations. (Doc. # 6-1 at 20). As to Plaintiff's recision allegations, Defendants contend that Plaintiff has not sufficiently alleged tender. *Id.* Defendants further contend that Plaintiff failed to allege that she sent a written communication rescinding the loan, and therefore cannot state a claim for rescission. *Id.* at 21. Finally, as to Plaintiff's allegations about deficiencies in the Notice of Right to Cancel, Defendants contend that Plaintiff's allegations do not make sense because Plaintiff alleges the right to cancel expired on May 25, 2007, but also alleges her loan was not made until July 26, 2007. *Id.* at 21-22, Doc. # 1, Ex. B.

Plaintiff contends that "[t]he statute of limitations on TILA damages has not tolled." (Doc. # 8 at 5-6). Plaintiff contends "this scheme to defraud Plaintiffs" would justify tolling the statute of limitations. *Id.* at 6. Plaintiff contends that she is not required to tender because Defendants has not yet "returned any money paid." *Id.* Plaintiff contends that "in light of Defendant's silence on providing a review of the loan as required under RESPA and their failure to communicate with Plaintiff prior to the issuance of Plaintiffs QWR letter, Plaintiff had to conduct her own audit report on the mortgage. As such, it was not done by the bank itself and there was an error as to the rescission dates." *Id.*

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). "The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the [TILA] and adjust the limitations period accordingly." *Id.* Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Plaintiff's TILA damages claim was brought more than one year after the date of the occurrence of the alleged violation, and is therefore time barred. Plaintiff did not allege any facts supporting equitable tolling of the statute of limitations in the complaint. Plaintiff does

1   not state any specific facts to support her claim that a "scheme to defraud" her requires tolling.

2   Plaintiff's claim for damages under TILA is dismissed.

3        In order to state a claim for rescission under TILA, Plaintiff was required to "notify the

4   creditor of the rescission by mail, telegram, or other means of written communication" sent to

5   the "creditor's designated place of business."  12 C.F.R. 226.23.  Plaintiff fails to plead that

6   she sent Defendants a written statement rescinding the loan.   Plaintiff's claim for rescission

7   under TILA is dismissed.

8        **B.     State Law Claims**

9        The Notice of Removal alleges that federal question jurisdiction exists pursuant to 28

10  U.S.C. § 1331 by virtue of the TILA claim.  (Doc. # 1 at 2-3).  The Notice of Removal alleges

11  this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12  *Id.* at 3.  Neither party asserts that this Court has diversity jurisdiction over the state law claims

13  pursuant to 28 U.S.C. § 1332.

14       The federal supplemental jurisdiction statute provides: "[I]n any civil action of which

15  the district courts have original jurisdiction, the district courts shall have supplemental

16  jurisdiction over all other claims that are so related to claims in the action within such original

17  jurisdiction that they form part of the same case or controversy under Article III of the United

18  States Constitution."   28 U.S.C.  §  1367(a).   A district court may decline to exercise

19  supplemental jurisdiction over a state law claim if:

20       (1) the claim raises a novel or complex issue of State law,

21       (2) the claim substantially predominates over the claim or claims over which the
         district court has original jurisdiction,

22
23       (3) the district court has dismissed all claims over which it has original
         jurisdiction, or

24       (4) in exceptional circumstances, there are other compelling reasons for
         declining jurisdiction.
25
26  28 U.S.C. § 1367(c).  Because the Court has dismissed the only federal law claim, the Court

27  declines to exercise supplemental jurisdiction over the state law claims at this time pursuant

28  to 28 U.S.C. § 1367(c)(3).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may

    decline to exercise supplemental jurisdiction over related state-law claims once it has

1   dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City*

2   *of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide

3   explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

4   **III.    Motion to Strike**

5          The Court has dismissed the federal claim and declined to exercise jurisdiction over the

6   state law claims.  The Motion to Strike is therefore denied as moot.

7   **IV.    Request to Seal Plaintiff's Exhibit C**

8          An unredacted copy of Plaintiff's tax return was attached to Plaintiff's complaint as

9   Exhibit C in violation of the Southern District of California's Electronic Case Filing

10  Administrative Policies and Procedures § 1(h).  Both parties have requested that the document

11  be removed from the docket.  Plaintiff submitted a redacted copy as Docket # 8-1.  The Clerk

12  of the Court shall strike Docket # 1, Exhibit C and replace it with Docket # 8-1.

13                                      **CONCLUSION**

14         IT IS HEREBY ORDERED that:

15         (1)    The Motion to Remand (Doc. # 7) is **DENIED**.

16         (2)    The Motion to Dismiss (Doc. # 6) is **GRANTED**.  Plaintiff's complaint is

17                dismissed without prejudice and with leave to file an amended complaint within

18                thirty days of the date of this order.

19         (3)    The Motion to Strike (Doc. # 5) is **DENIED AS MOOT**.

20         (4)    The Clerk of the Court shall strike the unredacted copy of Plaintiff's tax return

21                attached to the complaint (Doc. # 1) as Exhibit C and replace it with the redacted

22                copy of Plaintiff's tax return (Doc. # 8-1).

23

24  DATED:  February 16, 2010

25                                        *William Q. Hayes*
                                          _____
26                                        **WILLIAM Q. HAYES**
                                          United States District Judge

27

28